IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02470-PAB-MJW

LAURA L. KNIGHT, an individual,

Plaintiff,

v.

THE VALLEY COUNTRY CLUB, a Colorado non-profit Corporation,
MARK TIERNAN, an individual, and
ANDREYA BENDER, an individual,

Defendants.

## ORDER REGARDING
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY
## (DOCKET NO. 23)

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before this court pursuant to an Order Referring Case issued by Judge Phillip A. Brimmer on September 12, 2014 (docket no. 14).

Now before the court is Defendants' Motion for Protective Order and to Stay Discovery (docket no. 23). The court has carefully considered the subject motion (docket no. 23) and the response (docket no. 25). Plaintiff has withdrawn her objection to the relief sought in the subject motion (docket no. 23). See docket no. 25. The court has taken judicial notice of the court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. See String Cheese Incident, LLC v. Stylus Shows, Inc., 02–cv-

01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. Id.

A stay of all discovery is generally disfavored. Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. See, e.g., Siegert v. Gilley, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003). See Vivid Techs., Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery

3

concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  See String Cheese Incident, 2006 WL 894955, at *2.

Here, the Defendants seek to stay all discovery and vacate the Rule 16 Scheduling Order pending resolution of their Motion for Summary Judgment (docket no. 22) which alleges, *in essence*, that Plaintiff is an exempt employee and is not entitled to the payment of overtime as she was an "administrative" employee as set forth in 29 U.S.C. § 213 and 29 C.F.R. § 541.200, *et seq*.  They further argue that the String Cheese factors favor a stay.

As to the first and second String Cheese factors, the court recognizes that Plaintiff has an interest in proceeding expeditiously. The court recognizes that there is certainly a burden on Defendants if a stay is not put in place.  Defendants may be forced to conduct discovery which may not otherwise be necessary.

As to the third String Cheese factor, the court does have an interest in managing its docket by seeing the case proceed expeditiously.  Finally, neither the interest of nonparties nor the public interest in general weigh heavily in either direction.

Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.

**WHEREFORE,** for the foregoing reasons, it is hereby

4

**ORDERED** that Defendants' Motion for Protective Order and to Stay Discovery (docket no. 23) is **GRANTED.**  Discovery is **STAYED** until after Judge Brimmer rules on Defendants' Motion for Summary Judgment (docket no. 22) or until further Order of Court.  It is further

**ORDERED** that the Rule 16 Scheduling Order (docket no. 21)  is **VACATED**.

**BY THE COURT**

Date: February 18, 2015  
Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge