IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02470-PAB-MJW

LAURA L. KNIGHT,

      Plaintiff,

v.

THE VALLEY COUNTRY CLUB, a Colorado non-profit corporation,
MARK TIERNAN, and
ANDREYA BENDER, an individual,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on the Motion to Reconsider [Docket No. 37] filed

by defendants The Valley Country Club ("VCC"), Mark Tiernan, and Andreya Bender.

In this case, plaintiff claims that she was mischaracterized as an administratively

exempt employee and seeks unpaid overtime. The Court has jurisdiction pursuant to

28 U.S.C. § 1331.

## I. BACKGROUND[1]

      On August 31, 2015, the Court denied defendants' motion for summary judgment

and held that there was a genuine issue of fact concerning whether plaintiff was exempt

from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.* Docket No. 29. Specifically, the Court held that a genuine dispute

---

[1]The Court recites only those facts that are relevant to resolving the instant
motion. Further relevant facts are described in the Court's order dated August 31,
2015, *see* Docket No. 29 at 1-4, and will not be recited here.

of material fact existed concerning whether plaintiff's primary duties in her role as catering director for VCC were "directly related to the management or general business operations" of VCC, a requirement for the administrative exemption, 29 C.F.R. § 541.200(a)(2), or whether plaintiff primarily worked in sales, a role that does not qualify for the administrative exemption. *See* Docket No. 29 at 10-11.

Defendants state that, after the Court denied their motion for summary judgment, they investigated plaintiff's pages on two social media sites – LinkedIn and Shiftgig – that focus on professional and business networking. Docket No. 37 at 2. Defendants state that plaintiff's social media profiles contain representations that are inconsistent with statements that she made in opposition to their motion for summary judgment. *Id.* On that basis, defendants argue that the Court "relied on [p]laintiff's misrepresentations in finding disputed issues of material fact" and ask the Court to reverse its prior order and grant summary judgment on the ground that plaintiff's social media pages "prove[] she was an administrative employee exempt from the minimum wage and overtime requirements of the FLSA." *Id.*

## II.  ANALYSIS

Defendants bring their motion pursuant to Fed. R. Civ. P. 60(b), which concerns relief from a "final judgment, order, or proceeding." However, no final judgment or order has entered against defendants. Where a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Thus, defendants' motion is procedurally improper and is denied on this ground. In the alternative, even if

2

the court construes defendants' motion as a motion for reconsideration pursuant to the Court's plenary power, the Court nevertheless determines that defendants have failed to demonstrate entitlement to relief.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

As grounds for reconsideration, defendants point to purported inconsistencies between plaintiff's publicly-available social media profiles and the statements she made in opposition to defendants' motion for summary judgment. *See* Docket No. 37 at 7-11. The Court finds that plaintiff's social media profiles are not sufficient to justify reconsideration of the Court's order.

First, plaintiff's characterization of her job duties in her social media accounts is not new; defendants attached a substantially similar description of plaintiff's job duties – written by plaintiff – to their summary judgment motion. *See* Docket No. 22-3. Defendants admit as much when they state that "[p]laintiff's description of her job duties on LinkedIn and Shiftgig are nearly identical to the duties she identified on the Catering Director Job Description [plaintiff] wrote." Docket No. 37 at 4, n.5. The Court agrees with defendants that plaintiff's description of her duties on social media is similar to the job description, which defendants attached to their summary judgment motion. *Compare* Docket No. 37-1 at 3 ("Professional demeanor to all guests for tours of the venue for possible events," "[d]edicated professional with attention to detail in planning, coordinating, and executing [various events],"), *with* Docket No. 22-3 at 2 ("Present a professional and courteous demeanor and attire at all times," "[p]lan events with all booked clients for outside banquet events at VCC as well as all Club hosted, Member events[] . . . [i]ncluding general event details, room/space set up details, timeline details, billing details and menu details."). The Court found that plaintiff's general description of the role of catering director did not preclude a genuine dispute of material fact concerning plaintiff's primary duties, Docket No. 29 at 10-11, and plaintiff's similar statements on social media accounts do not change that conclusion.

4

Second, even if plaintiff's online presence differed materially from the summary judgment record, defendants have not explained why plaintiff's social media accounts were unavailable.  A motion to reconsider is an inappropriate vehicle to advance "supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012.  Defendants state that they did not investigate plaintiff's social media accounts until "receipt of the Court's Order," Docket No. 37 at 2, and neither explain their failure to do so previously nor provide any information – such as the date on which the relevant social media profiles were published – that shows that the accounts were not available at the time defendants moved for summary judgment. Defendants' failure to demonstrate that their motion is based on previously unavailable evidence is an independent basis to deny reconsideration.

Third, defendants have not identified any material inconsistency between plaintiff's social media representations and her statements on summary judgment.  At most, defendants have made the unremarkable observation that plaintiff emphasized certain of her duties in documents analogous to a professional resume, which is minimally relevant to whether plaintiff's "primary duty" was managerial or related to VCC's general business operations.  *Cf. Schaefer v. Ind. Mich. Power Co.*, 358 F.3d 394, 400 (6th Cir. 2004) ("We focus on evidence regarding the actual day-to-day activities of the employee rather than more general job descriptions contained in resumes, position descriptions, and performance evaluations") (citation omitted); *see also Morrison v. Ocean State Jobbers, Inc.*, 290 F.R.D. 347, 362 n.10 (D. Conn. 2013) (declining to use plaintiffs' resumes to discredit their deposition testimony because "[i]t is unsurprising that an employee would choose to emphasize in a resume managerial

5

tasks, such as hiring or training new employees, over non-managerial tasks, such as cleaning the bathrooms or bringing in carriages, even where the managerial tasks took up significantly less of the employee's time").  Defendants adopt a quantity over quality approach, attaching a four-page chart detailing purported inconsistencies between plaintiff's social media statements and representations to the Court.  Defendants do not explain these inconsistencies, however, and the Court sees no statements in plaintiff's online job description that render her statements to the Court misrepresentations.[2]

Finally, even if the Court agreed with defendants that plaintiff's online description of her job at VCC is evidence that plaintiff "utterly misrepresented her [job] responsibilities" in opposing defendants' summary judgment motion, Docket No. 37 at 11, such evidence would not, as defendants argue, "prove Defendants are entitled to judgment as a matter of law" on plaintiff's exempt status.  *Id.* at 13.  At most, defendants have identified inconsistencies that may be relevant at trial.  Defendants have not introduced any evidence that conclusively shows that plaintiff qualifies for the administrative exemption to the FLSA's overtime pay requirement.  *Dailey v. Groupon,*

---

[2]For example, defendants do not explain the inconsistency between plaintiff's statements that she "was not authorized to waive fees" and her online job description that she is a "Dedicated professional with attention to detail in planning, coordinating, and executing [events,]" "[n]egotiated proposals and contracts in relation to the execution of intimate to large scale events," and "[c]ommunicated with fellow department heads and staff in a timely manner."  Docket No. 37 at 7-8, ¶ 7.  In their reply, defendants argue that plaintiff's description in her resume that she was responsible for "'planning, coordinating, and executing' every single event at VCC indicates she was involved in every decision for the events" and, thus, contradicts plaintiff's statements that she "did not customize menus" and "was not authorized to waive fees."  Docket No. 41 at 5.  The Court disagrees.  Plaintiff did not claim in her online resumes that she had absolute authority over event planning, and there is no inconsistency between "planning, coordinating, and executing" events and answering to superiors or having limited authority.

*Inc.*, 2014 WL 4379232, at *6 n.7 (N.D. Ill. Aug. 27, 2014) (holding, in an order denying

class certification, that inconsistencies between resumes and sworn testimony "might

present impeachment problems for [p]laintiffs" but are "not dispositive" of employees'

status as administratively exempt).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants The Valley Country Club, Mark Tiernan, and

Andreya Bender's Motion to Reconsider [Docket No. 37] is **DENIED**.

DATED November 12, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge